**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**BRENIYA SANDERS, by and through her Conservator of the Person, DANIELLE WOODS,**

Plaintiff,

**v.**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

Defendant.

No.: _______________

**JURY TRIAL DEMANDED**

---

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

---

**COMES NOW THE PLAINTIFF**, Breniya Sanders, a twenty-year-old woman with a disability, by and through her court-appointed Conservator of the Person, Danielle Woods, and by and through undersigned counsel, and for her Verified Complaint against Defendant Memphis-Shelby County Schools ("MSCS" or "Defendant") states as follows:

## I. INTRODUCTION

1. Breniya Sanders is a senior at Hillcrest High School, a public high school operated by Memphis-Shelby County Schools, in Memphis, Tennessee. But she has not attended a single day of school this year.

2. Breniya has spina bifida and uses a wheelchair for all mobility. She cannot walk, and she cannot ride a standard school bus.

3. Breniya's Individualized Education Program ("IEP") requires that she receive special transportation on a "Special Bus with Lift" twice each school day. On September 2, 2026,

MSCS's Department of Exceptional Children approved a Transportation Order for a "[w]heelchair accessible bus to Hillcrest High School M-F," effective August 24, 2026.

4. MSCS has never sent the bus. As of the filing of this Complaint, Breniya has not attended a single day of her senior year. She has missed approximately 67 school days, and the number grows every morning that a lift-equipped bus does not arrive.

5. Breniya's conservator began enrolling Breniya in MSCS's system in May 2026 and notified MSCS at that time that Breniya had an IEP. On at least two occasions in July 2026 and again on August 3, her conservator went to Hillcrest in person to discuss Breniya's enrollment and need for special transportation because she is wheelchair bound. Her conservator has asked for special transportation for Breniya repeatedly since. MSCS has acknowledged the need in writing, documented it in its own IEP paperwork, and approved it through its own internal process. It has simply not done it.

6. Breniya also needs adult help with personal care during the school day. Her IEP provides a full-day one-to-one Support Professional. Yet MSCS staff at Hillcrest told Ms. Woods that it did not have a nurse or one-on-one aide for her at school and that the family would have to supply one, along with her transportation, until MSCS could arrange for such support; to date, MSCS has provided neither transportation nor a one-to-one aide.

7. MSCS provides a public education, and the transportation that makes that education reachable, to students who do not use wheelchairs. By failing to provide the modifications that Breniya needs to get through the schoolhouse door and to remain safely in class, MSCS has excluded her from its schools entirely because of her disability. Plaintiff brings this action under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794, for declaratory and injunctive relief, damages, and attorney's fees.

## II. PARTIES

8. Plaintiff Breniya Sanders is an adult resident of Memphis, Shelby County, Tennessee, who resides within the geographic boundaries served by MSCS. She was born in 2006 and is twenty years old.[1] Breniya is a qualified individual with a disability within the meaning of 42 U.S.C. §§ 12102 and 12131(2) and 29 U.S.C. § 705(20).

9. Danielle Woods is Breniya's Conservator of the Person, appointed by the Probate Court of Shelby County, Tennessee, by Order entered October 30, 2024, in *In re Conservatorship of Breniya Sanders*, No. PR-30588-1. A true and correct copy of the Order Appointing Conservator of the Person is attached as Exhibit 1. The Probate Court found by clear and convincing evidence that Breniya is a person with a disability as defined by Tenn. Code Ann. § 34-1-101 and transferred to Ms. Woods, among other rights, the authority to make "any and all other decisions regarding the Respondent's person . . . in order to protect the best interests of the Respondent" and to perform "[a]ny other act of legal significance that the Court deems necessary or advisable as to the Respondent's person." Ex. 1 at ¶ 2(e), (k).

10. Ms. Woods brings this action on Breniya's behalf as her conservator pursuant to Fed. R. Civ. P. 17(c)(1)(C) or, in the alternative, as her next friend pursuant to Fed. R. Civ. P. 17(c)(2). MSCS has at all relevant times recognized Ms. Woods as the person holding Breniya's

[1] Consistent with Fed. R. Civ. P. 5.2(a), Plaintiff identifies only the year of Breniya's birth, and the exhibits are redacted to remove her full date of birth, student identification numbers, and personal health information.

educational decision-making rights, addressing its Prior Written Notices to her and identifying her as Breniya's "Parent/Guardian/Surrogate" on its transportation paperwork.

11. Defendant Memphis-Shelby County Schools is the local education agency ("LEA") that operates the public schools of Memphis and Shelby County, Tennessee, with its central offices at 160 S. Hollywood Street, Memphis, Tennessee 38112. MSCS is a "public entity" within the meaning of 42 U.S.C. § 12131(1)(B). MSCS receives federal financial assistance and is a "program or activity" within the meaning of 29 U.S.C. § 794(b)(2)(B). MSCS may be served with process through its Superintendent pursuant to Fed. R. Civ. P. 4(j)(2). For the 2026-2027 academic year, Hillcrest is a school operated by MSCS.

## III. JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and under 28 U.S.C. § 1343(a)(3) and (4) because Plaintiff seeks redress for the deprivation of federal civil rights. Plaintiff's causes of action are authorized by 42 U.S.C. § 12133 and 29 U.S.C. § 794a(a)(2).

13. This Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 and injunctive relief under Fed. R. Civ. P. 65.

14. Venue is proper in the Western District of Tennessee under 28 U.S.C. § 1391(b) because Defendant resides in this District and all of the events and omissions giving rise to Plaintiff's claims occurred here. Assignment to the Western Division is proper under 28 U.S.C. § 123(c)(2) because the events occurred in Shelby County.

## IV. FACTUAL ALLEGATIONS

### A. Breniya and Her Disability

15. Breniya was born with spina bifida. Spina bifida is a life-long condition that causes Breniya decreased strength, sensation, and range of motion in her legs, hip dislocation, contractures of the feet, knees, and hips, and scoliosis. She uses a manual wheelchair for all mobility, at school and in the community. She cannot climb stairs and needs supervision or assistance to transfer out of her wheelchair.

16. Breniya's disability substantially limits major life activities including walking, standing, and the operation of major bodily functions, including neurological and musculoskeletal functions. 42 U.S.C. § 12102(1)(A), (2). She is currently eligible for special education and related services under the disability category of Orthopedic Impairment. Ex. 2.

17. Breniya is, in the words of her own IEP, a student with "a mild, cordial, and highly cooperative temperament" who "is an independent worker who consistently follows directives on the first attempt and is motivated by a strong desire to succeed and please her instructors." Ex. 2. Her social skills are "a significant asset," and she "maintains positive and respectful relationships with both her peers and adults in the school community." *Id.*

### B. Breniya's IEP Requires Lift-Equipped Special Transportation

18. Since ninth grade in the 2023-2024 school year, Breniya has attended Hillcrest High School, 4184 Graceland Drive, Memphis, Tennessee 38116 ("Hillcrest"). Through last school year, the 2025-2026 academic year, Hillcrest was operated as a charter school in the Tennessee Achievement School District ("ASD") by IOTA Community Schools. During the 2025–26 school year, Breniya received lift-equipped special transportation between her home and Hillcrest and attended school.

19. On April 8, 2026, Breniya's IEP team, including Ms. Woods, met and developed an annual IEP effective April 8, 2026 through April 7, 2027. The IEP was amended on May 18, 2026. A true and correct copy of the IEP, as amended, is attached as Exhibit 2.[2]

20. Under the heading "Special Transportation," the IEP requires transportation of the type "Special Bus with Lift, etc." two sessions per day for the entire IEP period, through April 7, 2027. Ex. 2.

21. The Prior Written Notice issued with the April 8, 2026 IEP states, without qualification: "Special Transportation is required." A true and correct copy is attached as Exhibit 3.

22. Breniya has no other way to get to school. She cannot walk to school or board a standard school bus, and she does not have access to a wheelchair-accessible vehicle.

### C. Breniya Needs Personal-Care, One-on-One, and Nursing Support at School

23. Breniya's disability also requires adult assistance with personal care during the school day. Her IEP documents that she needs supervision or set-up for transfers, physical assistance with personal care at school, and regular repositioning in her wheelchair to prevent skin breakdown. Exs. 2, 4.[3] As a result, Breniya's IEP provides a one-to-one Support Professional for seven hours per day, five days per week. Ex. 4.

---

[2] The April 8, 2026 IEP and the May 18, 2026 amendment were developed by Breniya's IEP team while Hillcrest was operated by IOTA Community Schools within the ASD. MSCS amended the IEP at the August 25, 2026 IEP meeting described below to bring it into compliance with MSCS requirements, and the amended IEP from MSCS continues to require special transportation. Ex. 4.

[3] The medical information underlying these needs, including the physician certification referenced in Breniya's IEP, is redacted from Exhibits 2 and 4 to protect her privacy. Plaintiff will provide unredacted copies to the Court under seal if needed.

24. Without trained adult support for transfers, personal care (including help getting food and bathroom assistance), and repositioning, Breniya cannot safely attend school, even if MSCS transports her there.

**D. MSCS Assumes Control of Hillcrest and Fails to Transport Breniya**

25. For the 2026–27 school year, Hillcrest High School ceased operating as a charter school in the ASD, and MSCS resumed direct operation of the school. Breniya remained a Hillcrest student, and MSCS became responsible for her education and for providing the services in her IEP.

26. In May 2026, anticipating the transition, Ms. Woods enrolled Breniya in MSCS's system in preparation for the 2026-2027 school year; that enrollment process included confirming that Breniya has an IEP.

27. At least twice in July 2026 and again on August 3, 2026, Ms. Woods went to Hillcrest in person to request and confirm special transportation for Breniya. MSCS staff at Hillcrest told Ms. Woods that MSCS did not have transportation or a one-on-one aide available for Breniya and that the family could supply their own aide and transportation until MSCS could "arrange" for those supports.

28. Breniya and her family have extremely limited means. They do not own a vehicle that can transport Breniya, nor do they have the means to hire a private one-on-one.

29. In July 2026, Breniya's education consultant, Holly McLaughlin, Ed.S., asked MSCS's Exceptional Education department to convene a meeting about Breniya. On July 27, 2026, she emailed Dr. Mary R. Berk and Dr. Natalie Wilkins, MSCS's lead school psychologists, attaching a release signed by Ms. Woods. When no one responded, she followed up on August 6, 2026. True and correct copies of Ms. McLaughlin's correspondence with MSCS are attached collectively as Exhibit 7.

30. MSCS's 2026–27 school year began on August 3, 2026. No bus came for Breniya on the first day of school or on any day after.

31. On August 19, 2026, Ms. McLaughlin wrote to Dr. Wilkins and Dr. Berk that Ms. Woods had been informed that day "that no transportation is being provided or a nurse and that we would have to provide transportation and a nurse for her schooling." Ex. 7. She asked MSCS to schedule an emergency IEP meeting to address, among other things, transportation. *Id.*

32. Dr. Wilkins, MSCS's Manager of Psychologists for Exceptional Education, responded that she had "reached out [to] the OT/PT advisor regarding the transportation and nursing issues" and would follow up. *Id.* Ms. McLaughlin replied on August 20: "I feel like this is such a mess, and we need to help this student out immediately." *Id.*

33. On August 25, 2026, MSCS convened an IEP meeting to amend Breniya's IEP to reflect her "transfer[] from a charter to the SCS District." Attendees included Ms. Woods; MSCS Case Manager Kawana Strong, Ed.S.; Assistant Principal T. Grace-Wilson; and math teacher P. Wooten-Moore. MSCS's Prior Written Notice for that meeting states that "[t]he district also proposed to discuss special transportation." True and correct copies of the August 25, 2026 Prior Written Notice and the amended IEP that MSCS issued that day are attached collectively as Exhibit 4.

34. At the August 25 meeting, Ms. Woods told the MSCS team that Breniya had previously missed two and a half years of school and that she wants Breniya "to attend school on a regular basis in order to graduate." Ex. 4. MSCS's case manager stated she would perform a senior credit audit to confirm that Breniya is on track to graduate. *Id.*

35. The amended IEP that MSCS issued on August 25, 2026 continues to require special transportation of the type "Special Bus with Lift, etc.," two sessions per day, from August

25, 2026 through April 7, 2027. Ex. 4. It also continues Breniya's full-day one-to-one Support Professional and provides that Breniya "will attend her zoned LEA or one chosen by her family." *Id.*

36. Breniya's family chose Hillcrest; it is her zoned school and she has attended Hillcrest since the ninth grade.

37. On August 27, 2026, Ms. Strong submitted a Transportation Order to MSCS's Department of Exceptional Children requesting a "Special Bus with Lift" to carry Breniya between her home and Hillcrest High School, morning and afternoon, Monday through Friday, from August 24, 2026 through May 28, 2027. The order's special instructions state: "Student is in a wheelchair. Bus must have Wheel Chair lift."

38. On September 2, 2026, MSCS Special Education Supervisor Annette Vaughan approved the Transportation Order with the comment: "Wheelchair accessible bus to Hillcrest High School M-F." A true and correct copy of the approved Transportation Order is attached as Exhibit 5.

39. Ms. Woods emailed Ms. Strong on September 2, 2026, returning the signed IEP and asking what action was needed to secure Breniya's transportation, and to reiterate Breniya's needs and further to clarify who would be responsible for Breniya's personal-care needs, how staff would be trained, and who would provide backup coverage. True and correct copies of Ms. Woods's September 2 and September 17, 2026 email correspondence with Ms. Strong are attached collectively as Exhibit 8[4].

---

[4] In her September 17, 2026 email, Ms. Woods indicates that she will no longer be Breniya's conservator. That transition of conservators has not happened and is not anticipated to happen in the foreseeable future.

40. On September 17, 2026, Ms. Strong, Hillcrest's Exceptional Learners Chairperson, emailed Ms. Woods and Ms. McLaughlin that she had contacted MSCS's transportation department and spoken with Stephanie Sisk. Ex. 7. According to Ms. Strong, Ms. Sisk "stated that the only wheelchair accessory [sic] bus is assigned [to] Fairley High School's route," that "the bus literally goes past the Sander's home," and that Ms. Sisk's "supervisor informed her that Hillcrest students who require a Wheelchair access bus and Functional Skills student[s] would both be assigned to Fairley High School." *Id.*

41. In other words, MSCS's wheelchair-accessible bus already passes Breniya's home. Rather than add Hillcrest to that route, MSCS's transportation department decided that Hillcrest students who use wheelchairs, along with students in Functional Skills classes, would be reassigned to a different school, Fairley High School, in order to receive transportation.

42. Ms. McLaughlin immediately asked to expedite an IEP meeting to address "placement, transportation and also any social/emotional impact moving Breniya," and asked that a representative from transportation attend. *Id.* Ms. Woods replied to Ms. Strong the same day that she had understood from Ms. Vaughan that transportation to Hillcrest had been approved and, so that Breniya could get to school, asked what the next steps would be to enroll her at Fairley instead. Ex. 8. That meeting never took place, and no IEP team has changed Breniya's placement from Hillcrest.

43. MSCS never implemented its own approved order. Since September 2, 2026, Ms. Woods has repeatedly contacted MSCS about Breniya's transportation, including through MSCS's Office of General Counsel. True and correct copies of Ms. Woods's email correspondence with MSCS counsel are attached collectively as Exhibit 6.

44. On September 29, 2026, Laura Bailey, Senior Associate Counsel in MSCS's Office of General Counsel, emailed Ms. Woods. Ms. Bailey acknowledged that Ms. Woods had "been in communication with MSCS regarding Breniya Sanders," asked Ms. Woods to provide "a letter of representation or appointment order," and directed her to "include me on all your communications with MSCS employees regarding this or other students." Ex. 6.

45. On October 1, 2026, Ms. Woods sent Ms. Bailey the order appointing her as Breniya's conservator. She explained that "[w]e were previously waiting on a transportation order and were then told she would need to transfer to Fairley, though I understand that was in error," and that she had "been waiting for an update from Dr. Portia Hardman, an MSCS Exceptional Education Advisor, or someone at Hillcrest." *Id.* She asked Ms. Bailey to "let me know the next steps to get Breniya in classes." *Id.*

46. Ms. Bailey responded the same afternoon that she would "see what information I can obtain" and would "prioritize this so that B.S. can be in attendance asap." *Id.*

47. Ms. Bailey did not follow up. On October 5, 2026, Ms. Woods wrote again, "checking in to see if you have any update regarding Breniya Sanders." *Id.*

48. On October 19, 2026, Ms. Woods asked Ms. Bailey once more whether there were "any updates regarding Breniya Sanders." *Id.* At 4:08 p.m., Ms. Bailey replied that she was "working to confirm that special education transportation has her routed for Fairley for tomorrow." *Id.* At 5:53 p.m., she wrote that she would "need . . . a little more time [to] get the special education transportation routed to Fairley," that "[t]his will be my top priority for tomorrow morning," that MSCS would "also get the registration/enrollment updated tomorrow," and that she would "report back tomorrow, and hopefully, we will have a confirmed date and time for the sped transportation

pick-up/drop-off." *Id.* She added: "I am going to ask to have this expedited to get B. back asap." *Id.*

49. Ms. Bailey did not report back the next day. On October 23, 2026, Ms. Woods asked: "Any update?" *Id.* **As of the filing of this Complaint, neither Ms. Bailey nor anyone else from MSCS has responded**, provided a pickup date or time, or transported Breniya to Hillcrest, Fairley, or any other school.

50. By no later than October 1, 2026, then, MSCS's Office of General Counsel knew that Breniya was out of school because MSCS had not provided her transportation. MSCS's counsel acknowledged in writing that the matter should be prioritized and expedited and repeatedly promised action, yet MSCS has still not provided transportation to any school.

51. MSCS has not provided Breniya with transportation to or from school on any day of the 2026–27 school year. MSCS has not offered any alternative, such as a contracted wheelchair-accessible vehicle, reimbursement for accessible transportation, or any other means of getting Breniya to school.

52. MSCS has not identified any nurse or trained staff member who will provide Breniya's personal-care support at school, and it has not withdrawn its statement that the family must supply a nurse or aide.

53. Upon information and belief, MSCS provides daily bus transportation to students without disabilities and operates or contracts for lift-equipped buses that it uses to transport other students who use wheelchairs to MSCS schools.

54. MSCS has known since at least May 2026 that Breniya uses a wheelchair, requires lift-equipped transportation to attend school, and requires a one-on-one assistant for personal care needs. That knowledge is documented in the IEP that MSCS received and amended, in MSCS's

August 25, 2026 Prior Written Notice, in the Transportation Order MSCS's own staff prepared, and in the approval one of MSCS's Special Education Supervisors signed.

55. Upon information and belief, MSCS has known that Breniya uses a wheelchair and requires a one-on-one assistant for personal care needs for much longer because Breniya previously attended MSCS schools for elementary and middle school.

56. MSCS officials with authority to provide Breniya's transportation, including the Department of Exceptional Children and the Special Education Supervisor who approved the Transportation Order, had actual knowledge that Breniya was being excluded from school and failed to act for more than five months after Ms. Woods's first request.

**E. Breniya Is Suffering Ongoing, Irreparable Harm**

57. Because MSCS has not transported her, Breniya has been completely excluded from MSCS's educational program for the 2026–27 school year. She has received none of the instruction or services that MSCS provides to Hillcrest students, including the inclusion instruction, intervention, one-to-one support, social work, and physical therapy that her IEP requires.

58. Even if MSCS provides transportation, Breniya cannot safely attend school without the personal-care one-on-one support described above. *See* ¶¶ 23–24.

59. MSCS has offered no alternatives to Breniya attending school in person.

60. This is Breniya's senior year. She is currently on track for a regular high school diploma, which she can earn only by completing her remaining coursework. Every week of missed instruction puts her graduation in May 2027 at greater risk. Equally importantly, Breniya is missing not only almost a half a year of academics, but also a half a year of social and emotional experiences that accompany attending school in her senior year of high school.

61. Breniya's time to complete her public education is limited by her age. She turned twenty on October 27, 2026. Instruction lost now cannot be recovered.

62. Breniya's exclusion from school has also cut her off from her teachers and peers, with whom she has positive relationships, and from the transition activities designed to prepare her for postsecondary training and employment. She has suffered isolation, frustration, and emotional distress as a result.

63. Given the family's limited means, having Breniya at home instead of at school has increased the family's financial burden over the past several months.

64. Ms. Woods has spent considerable time and effort over more than five months trying to get MSCS to do what its own documents say it must do.

## V. CAUSES OF ACTION

### COUNT I

### Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*

65. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

66. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

67. Breniya is a qualified individual with a disability. She is a Hillcrest High School student, eligible to attend MSCS schools, and meets the essential eligibility requirements for MSCS's educational program, with or without reasonable modifications. 42 U.S.C. § 12131(2).

68. MSCS is a public entity, and its educational program and the student transportation that provides access to that program are services, programs, or activities of a public entity.

69. MSCS has violated Title II and its implementing regulations by, among other things: (a) excluding Breniya from participation in, and denying her the benefits of, its educational program and student transportation, 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a), (b)(1)(i); (b) affording Breniya an opportunity to participate in and benefit from its services that is not equal to, or as effective as, that afforded to students without disabilities, 28 C.F.R. § 35.130(b)(1)(ii)–(iii); (c) using methods of administration that have the effect of subjecting Breniya to discrimination on the basis of disability, 28 C.F.R. § 35.130(b)(3)(i); (d) failing to make reasonable modifications in its policies, practices, or procedures necessary to avoid discrimination on the basis of disability, 28 C.F.R. § 35.130(b)(7)(i); (e) conditioning Breniya's transportation on her reassignment to a different school with other students with disabilities, thereby providing different or separate services that are not necessary to give her services as effective as those provided to others, and failing to administer its services in the most integrated setting appropriate to her needs, 28 C.F.R. § 35.130(b)(1)(iv), (b)(2), (d); and (f) failing to provide the personal-care , one-on-one, and nursing support Breniya needs to attend school safely, and requiring her family to supply a nurse or aide and transportation at its own expense as a condition of her attendance, 28 C.F.R. § 35.130(b)(7)(i), (f).

70. The modification Breniya requires, lift-equipped transportation, is reasonable. MSCS itself determined that Breniya needs it, wrote it into her IEP, and approved it. Providing it would not fundamentally alter MSCS's program. Upon information and belief, MSCS already provides the same accommodations to other students with wheelchairs who need transportation to school.

71. Personal-care one-on-one support during the school day is likewise a reasonable modification. MSCS's own IEP already provides Breniya a full-day one-to-one Support Professional, and MSCS provides health services to other students with medical needs. Requiring Breniya's family to supply a nurse or other type of one-on-one, or transportation, at its own expense places a surcharge on Breniya because of her disability. 28 C.F.R. § 35.130(f).

72. MSCS's failure to provide these modifications is the reason Breniya cannot attend school. But for her disability, Breniya would not have been excluded.

73. MSCS's discrimination was intentional. MSCS acted with deliberate indifference to Breniya's federally protected rights: officials with authority to remedy the discrimination had actual knowledge of it, through the IEP, the Prior Written Notice, the approved Transportation Order, and Ms. Woods's repeated requests, and failed to act for months.

74. Independently of MSCS's failure to transport Breniya at all, MSCS's position that Hillcrest students who use wheelchairs must be reassigned to Fairley High School to receive transportation violates Title II. Whatever the reason for that policy, the policy assigns students to a different school based on their disability for MSCS's administrative convenience. That separation is not necessary to provide Breniya services as effective as those provided to others: the wheelchair-accessible bus already passes her home, and a stop at Hillcrest would allow her to attend the school she has attended since ninth grade. 28 C.F.R. § 35.130(b)(1)(iv), (b)(2), (d).

75. As a direct and proximate result, Breniya has suffered and continues to suffer injury, including the loss of educational instruction and services, the loss of opportunity, financial loss, isolation, humiliation, and emotional distress. She is entitled to declaratory and injunctive relief, compensatory damages, nominal damages, and reasonable attorney's fees, litigation expenses, and costs under 42 U.S.C. §§ 12133 and 12205.

## COUNT II

### Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794

76. Plaintiff incorporates by reference the allegations of paragraphs 1 through 64 as if fully set forth herein.

77. Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

78. Breniya is an otherwise qualified individual with a disability. MSCS receives federal financial assistance, and all of its operations are a "program or activity" under 29 U.S.C. § 794(b)(2)(B).

79. The Department of Education's regulations implementing Section 504 prohibit recipients from denying a qualified person with a disability the opportunity to participate in or benefit from an aid, benefit, or service, or affording her an opportunity that is not equal to or as effective as that afforded others. 34 C.F.R. § 104.4(b)(1)(i)–(iii). They specifically require recipients to provide nonacademic services, expressly including transportation, "in such manner as is necessary to afford handicapped students an equal opportunity for participation." 34 C.F.R. § 104.37(a)(1)–(2).

80. MSCS has violated Section 504 and its implementing regulations by excluding Breniya from its educational program and denying her the transportation necessary to participate in it.

81. MSCS has further violated Section 504 by conditioning Breniya's transportation on her reassignment to a different school with other students with disabilities for MSCS's administrative convenience, which provides different or separate aid, benefits, or services without

necessity, 34 C.F.R. § 104.4(b)(1)(iv), (b)(3), and disregards her placement in the regular educational environment at Hillcrest, the school she has attended since ninth grade, 34 C.F.R. § 104.34(a).

82. MSCS has also violated Section 504 by failing to provide the personal-care nursing and/or one-on-one support Breniya needs to participate in its educational program, and by requiring her family to supply that support at its own expense, thereby denying her an opportunity to participate that is equal to and as effective as the opportunity afforded students without disabilities. 34 C.F.R. § 104.4(b)(1)(i)–(iii).

83. MSCS excluded Breniya solely by reason of her disability. The only reason she cannot get to school is that she uses a wheelchair and MSCS has not provided a lift-equipped vehicle or the personal-care support she needs at school.

84. MSCS's discrimination was intentional and was carried out with deliberate indifference to Breniya's federally protected rights, as described above.

85. As a direct and proximate result, Breniya has suffered and continues to suffer injury, and she is entitled to declaratory and injunctive relief, compensatory damages, nominal damages, and reasonable attorney's fees and costs under 29 U.S.C. § 794a(a)(2) and (b).

## VI. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court:

a. Declare that Defendant's failure to provide Breniya with wheelchair-accessible transportation to and from school, and with the personal-care and/or nursing support she needs to attend school, violates Title II of the ADA and Section 504 of the Rehabilitation Act;

b. Issue a preliminary injunction, and upon final hearing a permanent injunction, requiring Defendant to immediately provide Breniya with safe, reliable, lift-equipped transportation between her home and Hillcrest High School (or any other MSCS school in which she is enrolled with her conservator's consent) every school day, arriving in time for the start of the instructional day and departing after dismissal, with appropriately trained personnel and wheelchair securement, and requiring Defendant to provide equally accessible alternative transportation at its own expense on any day its bus is unavailable, and prohibiting Defendant from conditioning her transportation on her transfer to Fairley High School or any other school;

c. Issue a preliminary injunction, and upon final hearing a permanent injunction, requiring Defendant to provide, at no cost to Breniya or her family, the personal-care and/or nursing support she needs to attend school safely each school day, including a one-to-one Support Professional trained in transfers, personal care, and repositioning, a trained backup, and, to the extent medically required, a school nurse; and prohibiting Defendant from requiring Breniya's family or conservator to supply a nurse, aide, or transportation as a condition of her attendance;

d. Require Defendant to designate a single point of contact responsible for Breniya's transportation and personal-care support, to notify Ms. Woods of the route, pickup and drop-off times, and any changes, and to file periodic notices of compliance with the Court;

e. Upon final hearing, issue a permanent injunction requiring Defendant, within ninety (90) days and at its own expense, to retain an independent third-party trainer with expertise in disability law, approved by Plaintiff (or, if the parties cannot agree, by the Court), to train Defendant's administrators and staff on their obligations under Title II of the ADA and Section 504 of the Rehabilitation Act to provide students with disabilities the reasonable modifications, auxiliary aids, and services they need to access Defendant's programs, including transportation and personal-care support; requiring that the training be attended by, among others, Defendant's Superintendent, its Director of Exceptional Education, the administrators responsible for its transportation department, and the attorneys in its Office of General Counsel; and requiring Defendant to file with the Court a certification identifying the trainer, the date of the training, and the attendees;

f. Award Breniya compensatory damages in an amount to be determined by the jury;

g. Award nominal damages;

h. Award Plaintiff her reasonable attorney's fees, litigation expenses, including expert fees, and costs pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b);

i. Award pre- and post-judgment interest as permitted by law;

j. Retain jurisdiction to ensure Defendant's compliance with the Court's orders; and

k. Grant such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Dated: November 13, 2026.

Respectfully submitted,

*/s/ Janet H. Goode*
Janet H. Goode, TN BPR #35872
917 S. Cooper Street
Memphis, TN 38104
(901) 308-7511
janet@janetgoodelaw.com

**ATTORNEY FOR PLAINTIFF**

**VERIFICATION**

I, Danielle Woods, declare as follows: I am the court-appointed Conservator of the Person of Breniya Sanders. I have read the foregoing Verified Complaint. The facts stated in it concerning my own actions and communications, and concerning Breniya, are true and correct based on my personal knowledge, and the remaining facts are true and correct to the best of my knowledge, information, and belief, including my review of Breniya's educational records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on November 13, 2026, in Memphis, Tennessee.

Danielle Woods, Conservator of the Person
of Breniya Sanders

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit 1 | Order Appointing Conservator of the Person, *In re Conservatorship of Breniya Sanders*, No. PR-30588-1 (Shelby Cnty. Prob. Ct. Oct. 30, 2024) |
| Exhibit 2 | Individualized Education Program dated April 8, 2026, as amended May 18, 2026 (redacted) |
| Exhibit 3 | Prior Written Notice dated April 8, 2026 (IOTA Community Schools / Achievement School District) |
| Exhibit 4 | MSCS Prior Written Notice and amended Individualized Education Program, both dated August 25, 2026 (IEP redacted) |
| Exhibit 5 | MSCS Transportation Order approved September 2, 2026 (redacted) |
| Exhibit 6 | Email correspondence between Danielle Woods and Laura Bailey, Senior Associate Counsel, MSCS Office of General Counsel (September 29 – October 23, 2026) |
| Exhibit 7 | Email correspondence between Holly McLaughlin, Ed.S., and MSCS personnel (Dr. Mary R. Berk, Dr. Natalie Wilkins, and Kawana Strong, Ed.S.) (July 27 – September 17, 2026) |
| Exhibit 8 | Email correspondence between Danielle Woods and Kawana Strong, Ed.S., Hillcrest High School (September 2 and September 17, 2026) |