# EXHIBIT 1

## Order Appointing Conservator of the Person

In re Conservatorship of Breniya Sanders, No. PR-30588-1
Probate Court of Shelby County, Tennessee (Oct. 30, 2024)

FILED FOR ENTRY

OCT 30 2024

EDDIE S. JONES, JR., CLERK

IN THE PROBATE COURT OF SHELBY COUNTY, TENNESSEE

IN RE:

CONSERVATORSHIP OF

BRENIYA SANDERS No: PR-30588-I

Respondent.

## ORDER APPOINTING CONSERVATOR OF THE PERSON OF BRENIYA SANDERS

This cause came on to be heard on October 30, 2024, upon the Verified Petition for Appointment of Conservator of the Person filed in the cause on September 18, 2024, by representatives of Southeastern Trust Company and Friends of Special Children in their fiduciary capacities as Co-Trustees of the Breniya Sanders Special Needs Trust dated May 14, 2022, the Affidavit of Incapacity executed by Dr. Kleinman on October 28, 2024, the Report of the Guardian Ad Litem, the sworn testimony of Petitioners, Clay Himes, as representative of National Care Advisors, and Danielle Woods, statements of counsel, statements of the Guardian Ad Litem, and the entire record in this cause, from all of which the Court finds as follows:

1. Breniya Sanders ("Respondent") is a resident of Shelby County, Tennessee.

2. The Respondent was properly served by the Guardian Ad Litem as indicated by the Return of Service filed on October 7, 2024.

3. All other persons to whom notice of this proceeding was required to be given under the law were appropriately notified. Although Terri Hilger, mother of the Respondent, was notified and reminded of the hearing, she did not attend and did not respond to telephone calls from the Guardian ad litem made at the time of the hearing

4. The Guardian Ad Litem filed a report recommending the appointment of a Conservator of the Person.

5. Pursuant to T.C.A. § 34-1-126, this Court finds by clear and convincing evidence that the Respondent, Breniya Sanders, is a person with a disability as defined by Tennessee Code Annotated § 34-1-101, and that the Respondent is in need of assistance from this Court.

6. Based on the sworn testimony presented at the hearing as well as the record as a whole, the Court has concerns about the ability to act as conservator of the person of the Respondent's mother, who is her closest next of kin and would otherwise be entitled to priority for appointment pursuant to T.C.A. § 34-3-103.

7. Under the circumstances, the Court concludes that it would be in the best interest of the Respondent to appoint someone other than the Respondent's mother, who is local and knowledgeable about conservatorships, the administration of special needs trusts and probate matters generally, to serve as conservator of the person.

8. Attorney Danielle Woods, who meets the criteria listed in the preceding paragraph, is a fit and proper person to be named as Conservator of the Person, has not been convicted of any misdemeanors or felonies and does not have any reported incidents under the relevant registries.

9. Because the Respondent's assets are being managed by Southeastern Trust Company and Friends of Special Children as Co-Trustees of the Breniya Sanders Special Needs Trust dated May 14, 2022, it does not appear necessary to appoint a Conservator of the Estate.

10. Additional reliable information about household expenses and benefits is required in order for the co-trustees to properly administer the special needs trust for the benefit of the Respondent. Accordingly, as Conservator of the Person, Danielle Woods is specifically ordered to

confer with the Respondent's mother, Terri Hilger, and others as needed to prepare a budget to be delivered to the co-Trustees within sixty (60) days of this Order.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. As demonstrated by clear and convincing evidence, the Respondent is a person with a disability, as defined by T.C.A. § 34-1-101, in need of assistance from this Court by the appointment of a Conservator of the Person.

2. That Danielle Woods is a fit and proper person to serve as Conservator of the Person, with the following rights removed from Respondent and transferred to the Conservator of the Person as follows:

a) The right to consent and make other informed decisions relating to medical and mental examinations and treatment including, but not limited to, surgery and the administration of psychotropic and other medications; the right in the right in the event that Respondent suffers from a terminal medical condition from which the treating professionals do not believe recovery possible, to consent or withhold consent for the entry of a "Do Not Resuscitate" order or the application of any heroic measures or medical procedures intended solely to sustain life; and further the right to consent or withhold consent for the donation of organs; and the right to authorize an autopsy in the event of the death of the Respondent.

b) The right to consent to participate in activities and therapies which are reasonable and necessary for the habitation of the Respondent.

c) The right to consent to admission to hospitalization, and to be discharged and/or transferred to a residential setting, group home, nursing home, or other facility for additional care and treatment and the right to make, consent or withhold consent to any residential or custodial placement.

d) The power to give, receive, release or authorize disclosures of confidential details protected under Title 33 of the Tennessee Code Annotated, and/or protected health information as described in the Federal Health Insurance Portability and Accountability Act (HIPAA).

e) The right to execute, on behalf of the Respondent, any and all other authority, and to make any and all other decisions regarding the Respondent's person, the Respondent's assets and the Respondent's residence in order to protect the best interests of the Respondent.

f) The right to dispose of personal property if approved by the Court upon further hearing.

g) The right to make purchases, as to the Respondent's person.

h) The right to enter into contractual relationships, including the right to marry, as to the Respondent's person.

i) The right to execute instruments, as to the Respondent's person.

j) The right to change legal or actual residency from Shelby County, Tennessee, which may only be done with specific orders of this Court.

k) Any other act of legal significance that the Court deems necessary or advisable as to the Respondent's person.

3. That the requirements of posting bond and filing an inventory, property management plan and accountings are waived.

4. That the Conservator of the Person is specifically ordered to confer with the Respondent's mother, Terri Hilger, and others as needed to prepare a budget to be delivered to the co-Trustees of the Respondent's special needs trust within sixty (60) days of this Order.

5. That this matter shall be set for a status conference on Tuesday, April 29, 2025 at 9:00 a.m.

6. That fees are hereby reserved.

Kathleen N Gomes
JUDGE

OCT 30 2024
DATE

APPROVED FOR ENTRY:

Beth W. Bradley
Beth W. Bradley (BPR #013083)
*Attorney for Petitioners*
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
Tel: 901.524.5133
bbradley@bpjlaw.com



PROBATE COURT OF SHELBY COUNTY
A TRUE COPY ATTEST
EDDIE S. JONES, JR., CLERK
BY AD D.C.

Kevin E. Childress by BWB

Kevin E. Childress, Attorney w/ permission
*Guardian Ad Litem*
The Estate and Family Law Group, PLLC
1755 Lynnfield Road, Suite 103
Memphis, TN 38119
Tel: 901.290.0650
kchildress@eflawgroup.com

Danielle Woods by BWB

Danielle Woods w/ permission
*Conservator of the Person*
Woods Law Firm, PLLC
(901) 633-2852
danielle@woodstn.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Order Appointing Conservator of the Person has been served upon the following via U.S. Mail, postage prepaid, ~~this ___ day of October, 2024:~~ upon entry:

Terri Hilger
4225 Ambrose Road
Memphis, TN 38116

Beth W. Bradley